UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VIVIAN MOORE,

    Plaintiff,

v.                                     Case No. 5:23-cv-328-TKW-MJF

JPAY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Vivian Moore, a Florida prisoner proceeding *pro se*, initiated this action on December 20, 2023, by filing a civil rights complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Plaintiff's application for leave to proceed *in forma pauperis* was not on the Northern District's form and was incomplete. Specifically, the application did not include the required prisoner consent form and six-month account printout. *See* N.D. Fla. Loc. R. 5.3; 28 U.S.C. § 1915(a).

On December 28, 2023, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice. Doc. 4. The undersigned ordered Plaintiff to (1) pay the $402.00 filing fee, or (2) file a complete application for leave to proceed *in forma pauperis* on the

Northern District's form including a motion, supporting affidavit, signed prisoner consent form and printout of transactions in Plaintiff's inmate trust account for the six-month period immediately preceding the filing of his complaint. Doc. 4. The undersigned mailed Plaintiff the required forms, set a compliance deadline of January 29, 2024, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id.*[1]

In response, Plaintiff filed a motion for leave to proceed *in forma pauperis* and supporting affidavit, but again did not include the required prisoner consent form and six-month account printout. Doc. 6. Accordingly, on February 5, 2024, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to comply with the order dated December 28, 2023 and for failure to pay the filing fee or properly seek leave to proceed *in forma pauperis* as required by N.D. Fla. Loc. R. 5.3. Doc. 7. The show-cause order set a response deadline of February 20, 2024; instructed Plaintiff precisely what was his response to the show-cause order must include; and warned Plaintiff that

---

[1] The undersigned also ordered Plaintiff to file an amended complaint on the Northern District's form, which Plaintiff has done. Doc. 5.

failure to comply with the show-cause order likely would result in this case being dismissed. *Id.* at 2-3. The court also re-mailed Plaintiff the required prisoner consent form and financial certificate. *Id.* (docket entry).

To date, Plaintiff has not complied with the order dated December 28, 2023, and has not responded to the show-cause order issued on February 5, 2024.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's repeated failure to comply with court orders.[2]

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 19th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[2] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**